UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICO NEWMAN | CIVIL ACTION |
| VERSUS | NO. 26-1953 |
| FRANKLIN PARISH DETENTION CENTER | SECTION "L"(1) |

**REPORT AND RECOMMENDATION**

Plaintiff, Rico Newman, a Louisiana state prisoner currently housed at the Rayburn Correctional Center ("RCC"), filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.[1] Newman sued Franklin Parish Detention Center.

In his complaint, Newman claims that, in 2022, when he was housed at the Franklin Parish Detention Center, an unknown dentist secretly implanted a "pen registers Trap and Trace Device" in his mouth while he was undergoing a tooth extraction.[2] He claims that the device intercepts oral communications and broadcasts personal information throughout the prison.[3] He claims that on March 26, 2026, while housed at RCC, he was brought to the University Medical Center in New Orleans for a dental appointment.[4] He had x-rays of his mouth and facial area, but nothing out of the ordinary was located.[5] He was prescribed mouthwash.[6] He claims that employees of the dental department fabricated the results of his appointment.[7]

Newman claims that, thereafter, he filed an emergency complaint with the head warden for

[1] R. Doc. 1.
[2] Id. at 6–7, 10, 14–17.
[3] Id. at 15–16, 18.
[4] Id. at 7–8.
[5] Id. at 8.
[6] Id.
[7] Id. at 9.

RCC, Keith Bickham, but he did not receive a response.[8] Newman went to sick call on July 26, 2026, and reported his belief that a device had been secretly implanted in his mouth.[9] A nurse advised that she would notify the physician, the dental department, and ranking officers at RCC.[10] Newman claims that he underwent a full body x-ray on July 31, 2026.[11] He claims the x-ray showed the planted device.[12]

On August 4, 2026, Newman was advised that a request was submitted for him to be evaluated by a new dentist, who was not expected to start working at the correctional center for several weeks.[13] As of August 29, 2026, Newman had not yet been examined by the new dentist.[14] On August 11, 2026, Newman sent a written report to Penny Conciere, the Assistant District Attorney for Franklin Parish.[15] He had not received a response at the time he filed his lawsuit.[16]

Newman seeks to have the device removed, an investigation and criminal charges brought against those involved, and monetary relief.[17]

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Title 28 U.S.C. 1915(e)(2) thus directs, in relevant part, that courts "shall dismiss [an *in forma pauperis* plaintiff's] case at any time" if the plaintiff's complaint fails to state a claim upon which relief may be granted or is determined to be frivolous.

---

[8] Id. at 9–10.
[9] Id. at 10–11.
[10] Id. at 11.
[11] Id.
[12] Id.
[13] Id. at 13–14.
[14] Id. at 14.
[15] Id. at 13.
[16] Id.
[17] Id. at 6.

In addition, because Newman is incarcerated, he is subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). This category of baseless claims encompasses fanciful, fantastic, and delusional allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Initially, Newman filed his complaint in an improper venue.[18] Newman names Franklin Parish Detention Center as the sole defendant.[19] Newman claims that he was incarcerated at Franklin Parish Detention Center when an unknown dentist implanted an electronic tracking device in his mouth. Newman also mentions Madison Parish Correctional Center,[20] although he did not name that correctional center, nor anyone affiliated with it, as a defendant. Both Franklin

---

[18] Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[19] Rec. Doc. 1 at 1, 5.
[20] Id. at 15.

Parish and Madison Parish are located within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). A claim asserted in a court of improper venue may either be dismissed or, in the interest of justice, transferred to a court of proper venue. 28 U.S.C. § 1406(a). The Court finds dismissal at this juncture, rather than transfer, appropriate.

In his complaint, Newman also mentions Elayn Hunt Correctional Center,[21] where he was formerly housed. He additionally complains about dental treatment he has received since he has been housed at RCC.[22] He did not, however, name either of these correctional centers as a defendant. Nor did he name any employees associated with the correctional centers nor University Medical Center where he was evaluated in March 2026. Further, it is unclear from his complaint whether Newman is attempting to bring claims of deliberate indifference and denial of medical care surrounding the treatment of his alleged improper device.

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." Wiggins v. Louisiana St. Univ.-Health Care Services Division, 710 F. App'x 625, 627 (5th Cir. 2017) (internal quotation marks omitted). Leave to amend is not required, however, when an amendment would be futile, i.e., "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" See Stem v. Gomez, 813 F.3d 205, 215–16 (5th Cir. 2016) (citations omitted). For the following reasons, it is unnecessary to afford Newman an inherently futile opportunity to amend his complaint to name a proper defendant. See, e.g., Smith v. Terrebonne Par. Crim. Just. Complex, No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) (holding that amendment not required because it was clear that underlying claim was frivolous and/or failed to state a claim on which relief may be granted); see also Martzen v.

[21] Id.
[22] Id. at 6–15, 18.

McLane, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an opportunity to amend if he has already alleged his best case and any further amendment would not state a valid § 1983 claim).

First, a jail is simply a building, and, as such, is not a "person" within the meaning of § 1983. See, e.g., Trepagnier v. Orleans Justice Center, No. 21-1796, 2022 WL 468956, at *3–4 (E.D. La. Jan. 20, 2022), adopted, 2022 WL 464552 (E.D. La. Feb. 15, 2022); see Robinson v. Pinion, No. 05-6364, 2006 WL 2710443, at *3 (E.D. La. Sept. 19, 2006) ("A detention facility is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983.").

Second, courts have considered allegations of devices implanted in the body to be so delusional as to warrant dismissal as frivolous. See, e.g., Johnson v. Drug Enforcement Agency, 137 F. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's allegations that the DEA implanted a transmitter in his scalp); Dodson v. Haley, No. 16-6196, 2017 WL 3224485 (6th Cir. May 17, 2017) (dismissing as frivolous plaintiff's allegations that the defendants "installed 'eye cameras' and 'thought-processing devices' " in plaintiff's body to read his mail and monitor his food in order to tamper with it); Manco v. Does, 363 F. App'x 572, 574–75 (10th Cir. 2010) (dismissing as frivolous plaintiff's allegations that "prison officials implanted a radio frequency device in his body to track his movements and thoughts"); Cherry v. Collier, No. H-22-4236, 2023 WL 8260896, at * (S.D. Tex. Nov. 29, 2023) (finding claim that correctional center employees implanted "biological technology" for an improper purpose was delusional and factually frivolous); Mason v. Texas, 2018 WL 6930108, at *1 (N.D. Tex. Oct. 17, 2018), adopted, 2019 WL 1330341 (N.D. Tex. Jan. 14, 2019) (dismissing claims as frivolous where plaintiff alleged defendants used doctors to place microphones in her ears or teeth and the microphones were damaging her health); Grant v. U.S. Gov't, 2014 WL 6685035, at *4 (E.D. Cal. Nov. 25, 2014)

("Plaintiff's claims that the Government implanted a device in him can best be described as frivolous.").

Third, Newman fails to state a claim for deliberate indifference. Deliberate indifference by prison personnel or medical staff to an inmate's serious medical needs constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006); Lewis v. Evans, 440 F. App'x 263, 264 (5th Cir. 2011). A prison official is deliberately indifferent if he or she has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury); Washington v. LaPorte Cnty. Sheriff's Dep't, 306 F.3d 515 (7th Cir. 2002) (same). Deliberate indifference is manifested in the provider's intentional denial of medical care or intentional interference with the treatment once prescribed. Farmer, 511 U.S. at 847. To state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. Id. at 833.

Newman's complaint does not allege or demonstrate this level of intentional indifference by any of the medical providers under the standards set forth above. As the United States Fifth Circuit has found, to satisfy the "extremely high standard" of deliberate indifference, a plaintiff "must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for

any serious medical needs." Domino v. Tex. Dep't. Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citations omitted). Disagreement with the timing or type of medical treatment received does not constitute deliberate indifference. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Newman does not allege that he was wholly ignored or denied medical care or treatment for his alleged implanted device. Rather, he admits that he has had medical and dental care, including examinations and x-rays, and was prescribed mouthwash. He is currently awaiting another dental appointment. While Newman clearly is dissatisfied with the timing and care he has received and the methods of treatment by the various medical personnel, this type of disagreement is not enough to state a non-frivolous claim of medical indifference under the foregoing standards. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Vaughn v. Bassett, No. 22-10962, 2024 WL 2891897, at *4 (5th Cir. 2024) (". . . disagreement about the recommended medical treatment is generally not sufficient.") (quoting Carlucci v. Chapa, 884 F.3d 534, 538 (5th Cir. 2018)).

Fourth, while Newman complains that Warden Bickham did not answer his grievance, he cannot succeed on this clam. It is well-established that a prisoner has no protected liberty interest in either the adequacy or the result of prison administrative grievance procedures. Smith v. Horton, 670 F. App'x 872, 873 (5th Cir. 2016) (citing Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); Eason v. Thaler, 73 F.3d 1322, 1325–26 (5th Cir. 1996)). The Fifth Circuit has held that a prisoner does not have a constitutionally protected interest in having his grievances resolved to his satisfaction. Bonneville v. Basse, 536 F. App'x 502, 503 (5th Cir. 2013) (citing Geiger, 404 F.3d at 374).

Finally, the Court has no authority to issue an order directing an investigation, and Newman

has no constitutional right to such an order. See Hymel v. Champagne, No. 07–450, 2007 WL 1030207, at *2 (E.D. La. Mar. 28, 2007); Kates v. Micieli, No. 2:09–1447, 2010 WL 55916, at *1 (W.D. La. Jan. 4, 2010); May v. Kennard Independent School District, No. 9:96–CV–256, 1996 WL 768039, at *4 (E.D. Tex. Nov. 22, 1996). Additionally, to the extent that he requests unnamed persons to be criminal prosecuted, he has failed to state a viable claim. There is no constitutional right to have someone criminally prosecuted because “a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.” Linda R.S. v. Richard D., 410 U.S. 614 (1973); see also Lewis v. Jindal, 368 F. App’x 613, 614 (5th Cir. 2010) (“It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor’s discretion, and private citizens do not have a constitutional right to compel criminal prosecution”); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (there is no constitutional right to have someone criminally prosecuted).

For the foregoing reasons, Newman should not be granted leave to amend his complaint. His federal civil rights claims as outlined in his complaint as they relate to events that occurred while housed at RCC should be dismissed as frivolous and/or for failure to state a claim for which relief can be granted.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Newman’s federal civil rights claims against Franklin Parish Detention Center be **DISMISSED WITHOUT PREJUDICE** for lack of venue.

**IT IS FURTHER RECOMMENDED** that Newman’s federal civil rights claims as outlined in his complaint for events that occurred while he was housed at Rayburn Correctional Center be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 1st day of October, 2026.

Janis van Meerveld

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**